788 P.2d 1332

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Ronald Eugene RUBIO,
Defendant–Appellant.**

No. 17248.

Supreme Court of Idaho.

May 16, 1990.

## ON DENIAL OF PETITION
## FOR REVIEW

BISTLINE, Justice.

This petition merits our review for two reasons: The Court of Appeals has endorsed a rule of law repugnant to the Constitutional requirement of probable cause, and application of the objectionable rule was not necessary to resolve this case.

The underscored language in the opinion of the Court of Appeals deserves our attention:

The arresting officers need not have personal knowledge of all the items of information used to assess the probable cause to arrest Rubio. *See United States v. Rose,* 541 F.2d 750 (8th Cir. 1976), *cert. denied,* 430 U.S. 908, 97 S.Ct. 1178, 51 L.Ed.2d 584 (1977). It is enough that the collective knowledge and infor-mation of all the officers involved in the investigation, when taken together, be sufficient to constitute probable cause. *See United States v. Bernard,* 623 F.2d 551 (9th Cir.1979).

115 Idaho at 876, 771 P.2d at 540.

Suppose officer A has a "hunch," short of probable cause, that a suspect is about to commit a felony. Officer B has a similar hunch, but based on different information. Officer C too has a hunch. Together the collective knowledge of the officers constitutes probable cause. However, neither A, B, nor C have communicated with one another. At this point if officer A were to arrest the suspect it would be illegal for lack of probable cause. Otherwise the determination of probable cause would be based on facts learned *after* the arrest. Such is not allowed by the state and federal prohibitions against unreasonable searches and seizures.

I agree with the first proposition cited by the Court that the arresting officer need not have personal knowledge of all items used to assess probable cause. For example, officer A need not have personally seen the suspect "casing" a store in order to use that information to assess probable cause. However, officer A would have to be *informed* of those facts prior to the arrest. Antecedent justification is demanded by the probable cause requirement.

The collective knowledge doctrine adopted by the Court of Appeals presents a question of first impression in Idaho. Surprisingly, however, the doctrine is inapplicable to this case. The defendant objects to officer A's warrantless arrest. Defendant challenges the use of the statements made by a drug user to a different officer. The drug user told officer B that defendant had just sold the user drugs. Then officer B informed officer A—prior to the arrest of defendant—of the user's statements. Thus, the collective knowledge doctrine does not apply: officer A was *informed* of the facts prior to the arrest.

Thus, not only is the collective knowledge doctrine repugnant to the probable

cause requirement, it is not necessary to resolve this case.